Filed 6/16/14  P. v. Seidenfaden CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

| | |
|---|---|
| THE PEOPLE, | C073002 |
| Plaintiff and Respondent, | (Super. Ct. No. CM033834) |
| v. | |
| CHARLES GERARD SEIDENFADEN, JR., | |
| Defendant and Appellant. | |

A jury found defendant Charles Gerard Seidenfaden, Jr., guilty of furnishing marijuana to a minor.  (Health & Saf. Code, § 11361, subd. (b).)  The jury deadlocked and a mistrial was declared on a count of cultivating marijuana.  (Health & Saf. Code, § 11358.)  Imposition of sentence was suspended and defendant was placed on probation for three years on the condition, among others, that he serve 30 days of incarceration with credit for one day.

On appeal, defendant asks this court to review the sealed in camera proceedings and search warrant affidavit to determine whether the trial court erred in sealing the affidavit and in denying defendant's motion to traverse and quash the warrant.  We affirm.

1

In March 2010, 17-year-old S.K. lived in Oroville with her mother, her older brother, and defendant, who was her mother's boyfriend. Defendant and S.K.'s mother started living together when S.K. was in elementary school. Thus, defendant was aware of S.K.'s age and birthday.

S.K. testified that she first used marijuana in late 2009 when defendant offered it to her. Sometime between January and March of 2010, defendant again provided marijuana to S.K. He simply handed her the marijuana, and he was aware that she was a minor when he did so.

A search warrant was executed at S.K.'s residence on the morning of March 25, 2010. Officers discovered that the garage had been converted into a marijuana "grow room" and that it contained five marijuana plants. Harvested marijuana was found throughout the house, including S.K.'s bedroom. An officer estimated that there was enough harvested marijuana to last for three or four months or until the marijuana under cultivation could be harvested.

After an advisement and waiver of his constitutional rights, defendant spoke with one of the searching officers. Defendant never said anything to indicate that he thought S.K. was an adult. He explained that he would prefer that S.K. and her friends smoke marijuana at the residence where he could monitor their use. Defendant admitted that all of the marijuana in the house belonged to him.

DISCUSSION

*Independent Review of In Camera Proceedings*

Citing *People v. Hobbs* (1994) 7 Cal.4th 948 (*Hobbs*) and its antecedents, defendant asks this court to "independently review the sealed in camera proceedings and

---

[1] Our statement of facts is limited to the offense of which defendant was convicted.

search warrant affidavit" and to "determine whether the trial court erred in sealing the affidavit . . . and in denying [his] motions to traverse and quash the search warrant." Defendant asks this court to reverse the trial court's denial of the motion to traverse the warrant if the court determines that the sealed affidavit contains material misrepresentations or omissions. Defendant also asks that the denial of his motion to quash the search warrant be reversed if our review of the sealed materials reveals insufficient probable cause to issue the search warrant. The People agree that review of the sealed materials for abuse of discretion is proper.

*Background*

As noted, defendant's residence was searched pursuant to a search warrant. In his statement of probable cause for the warrant, the affiant referred to a " 'Confidential Attachment' " supplied by a confidential informant and asked the court to seal the attachment to protect the informant's identity.

Prior to trial, defendant moved for an order to unseal the affidavit. Ultimately, defendant's motion was denied, as were his motions to traverse and quash the warrant and his motion to suppress evidence.

*Analysis*

Under *Hobbs*, "[o]n a properly noticed motion by the defense seeking to quash or traverse [a] search warrant" where any portion or all of the search warrant affidavit has been sealed, "the lower court should conduct an in camera hearing . . . . It must first be determined whether sufficient grounds exist for maintaining the confidentiality of the informant's identity. It should then be determined whether the entirety of the affidavit or any major portion thereof is properly sealed, i.e., whether the extent of the sealing is necessary to avoid revealing the informant's identity." (*Hobbs*, *supra*, 7 Cal.4th at p. 972, fn. omitted.)

"If the affidavit is found to have been properly sealed, and the defendant has moved to traverse the warrant, the court should then proceed to determine whether the

3

defendant's general allegations of material misrepresentations or omissions are supported by the public and sealed portions of the search warrant affidavit . . . . Generally, in order to prevail on such a challenge, the defendant must demonstrate that (1) the affidavit included a false statement made 'knowingly and intentionally, or with reckless disregard for the truth,' and (2) 'the allegedly false statement is necessary to the finding of probable cause.' " (*Hobbs*, *supra*, 7 Cal.4th at p. 974.)

"If the trial court determines that the materials . . . before it do not support defendant's charges of material misrepresentation, the court should simply report this conclusion to the defendant and enter an order denying the motion to traverse." (*Hobbs*, *supra*, 7 Cal.4th at p. 974.)

"Similarly, if the affidavit is found to have been properly sealed and the defendant has moved to quash the search warrant [citation], the court should proceed to determine whether, under the 'totality of the circumstances' presented in the search warrant affidavit . . . , there was 'a fair probability' that contraband or evidence of a crime would be found in the place searched pursuant to the warrant. [Citations.] In reviewing the magistrate's determination to issue the warrant, it is settled that 'the warrant can be upset only if the affidavit fails as a matter of law . . . to set forth sufficient competent evidence supportive of the magistrate's finding of probable cause, since it is the function of the trier of fact, not the reviewing court, to appraise and weigh evidence when presented by affidavit as well as when presented by oral testimony. [Citations.]' " (*Hobbs*, *supra*, 7 Cal.4th at p. 975.)

"If the court determines, based on its review of all the relevant materials, that the affidavit . . . furnished probable cause for issuance of the warrant . . . , the court should simply report this conclusion to the defendant and enter an order denying the motion to quash." (*Hobbs*, *supra*, 7 Cal.4th at p. 975.) "In all instances, a sealed transcript of the in camera proceedings, and any other sealed or excised materials, should be retained in the record along with the public portions of the search warrant application for possible

4

appellate review." (*Ibid.*)  On appeal, we review for abuse of discretion.  (*See id.* at p. 976.)

Here, defendant asks us to review the trial court's determinations under *Hobbs*. Having reviewed the sealed portion of the search warrant affidavit, we find no abuse of discretion.

After noting that the affidavit contained information from four separate confidential informants, the trial court suggested--and the prosecutor agreed--that only the fourth confidential informant (CI #4) was worthy of consideration.  Our review is thus limited to CI #4.

The trial court noted that CI #4 was a citizen informant who had personal knowledge of the matters attributed to him or her in the affidavit.  The court found that CI #4 was "concerned and rightfully [so]" for his or her "safety" if CI #4 were to be "outed or revealed"; thus, "the information should stay confidential."  This determination was well within the trial court's sound discretion.

Additionally, the trial court found that the affidavit "does not provide any evidence of the type contemplated by *Hobbs* which would assist the defendant in his traversal motion" and that the affidavit "is certainly not exculpatory.  It's hard to read this providing any type of evidence that might be exculpatory."  The trial court did not find, and independent review does not suggest, that the affiant made any false statements, material misrepresentations, or omissions with respect to CI #4 in applying for the search warrant.

Although it did not address the matter expressly, the trial court impliedly credited the prosecutor's argument that the affidavit "properly supports the probable cause for the warrant . . . ."  Our independent review supports the trial court's implied determination. Therefore, the court properly denied defendant's motions to traverse and quash the search warrant.

## DISPOSITION

The judgment is affirmed.

                                                      BLEASE               , Acting P. J.

We concur:

     ROBIE               , J.

     DUARTE            , J.